ing, or sitting. The ALJ also noted Harvey's testimony that he was able to care for his personal needs and that he had worked preparing apartments for occupancy from 1999 to 2001 (after the claimed onset of disability in 1998).

For the foregoing reasons, and for the reasons given by the magistrate judge in his thorough opinion, we conclude that the ALJ applied the appropriate legal standards and that substantial evidence in the record supports the ALJ's determination that Harvey can perform sedentary work, with the limitations recognized by the ALJ, on a continuing basis. Accordingly, the judgment of the district court is

AFFIRMED.

**Cynthia DENTON, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant–Appellee.**

**No. 06–50448**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 29, 2007.

Mary Ellen Felps, Austin, TX, for Plaintiff–Appellant.

Craig A. Gargotta, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellee.

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM: *

The Commissioner of Social Security denied Cynthia Denton's claim for disability

---

* Pursuant to 5TH CIR. R. 47.5, the court has     determined that this opinion should not be

insurance benefits. Because that decision is supported by substantial evidence and is in accordance with law, we affirm.

## I.

Denton filed an application for disability insurance benefits in 2003, alleging numerous disabilities.[1] The Commissioner denied her application.

An administrative law judge ("ALJ") heard evidence from Denton, a medical expert, and a vocational expert. He considered Denton's medical record and determined she was not disabled. When the Appeals Council denied Denton's request for review, the ALJ's decision became the Commissioner's final decision for judicial review. Denton sued, and the matter was referred by consent to a magistrate judge, who, acting as the district court, upheld the ALJ.

## II.

We review the Commissioner's decision to deny social security benefits only to determine whether the final decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir.1999); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994). Denton urges that the ALJ's determination is not supported by substantial evidence and that the ALJ applied improper legal standards.

Denton argues that the ALJ's determination that Denton could perform work as an office helper, a mail clerk, and an assembler of small products is not supported by substantial evidence. Light work requires a good deal of walking and standing, but Denton asserts she cannot perform such work, because her knee pain precludes her from walking and standing. To buttress her argument, she contends that the district court found that the light work she could perform was limited by her inability to walk and stand. Denton states that "the only job the Court below found that would actually not be precluded would be that of a small parts assembler that would allow sitting through most of the work day."

The record contains substantial evidence that Denton can walk, supporting the ALJ's determination that she could perform work as an office helper, a mail clerk, and an assembler of small products. Dr. Barbara Felkins testified as a medical expert before the ALJ and opined, based on Denton's medical history—including the various "orthopedic type complaints"—that Denton could perform light work. Felkins's testimony provides substantial evidence for the ALJ's conclusion that Denton could walk or stand for six hours in an eight hour day. Furthermore, the ALJ noted that Denton's medical records did not evince significant problems walking, as demonstrated by the fact that she was never prescribed a cane despite her claim that she cannot walk because of imbalance.[2]

---

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1.  The district court's opinion extensively details Denton's medical history and alleged limitations. Among other ailments, Denton states she suffered from knee pain, earaches, migraines, and a bipolar disorder.

2.  Under the assumption that the only job Denton can perform is a small parts assembler, she posits that the Commissioner did not prove there are jobs in the national economy in significant numbers that she is able to perform. Because substantial evidence supported the ALJ's conclusion that she could perform multiple jobs and not just the job of a small parts assembler, Denton's argument is inapposite.